FILED
MAR 04 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY [signature] DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>Victor Manuel OROZCO-Aguirre,<br>Defendant. | Magistrate Case No.: 08MJ8159<br><br>FINDINGS OF FACT AND ORDER OF DETENTION |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing was held on February 22, 2008, to determine whether defendant Victor Manuel OROZCO-Aguirre, should be held in custody pending trial on the grounds that he is a flight risk. Assistant U. S. Attorney John F. Weis appeared on behalf of the United States. Matthew Hagen, of Federal Defenders of San Diego, Inc., made an appearance for court-appointed counsel Grant Eddy, and appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the pretrial services officer, and the criminal complaint issued against the Defendant on February 22, 2008, by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant required.

///

///

# I

## FINDINGS OF FACT

A. Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(G)(1)

1. The Defendant is charged in Criminal Complaint No. 08MJ8159 with possession with intent to distribute 139.00 kilograms (308.20 pounds) of marijuana in violation of 21 U.S.C. § 841(a)(1). Therefore, there exists probable cause to believe the Defendant committed the charged offense.

2. The charged offense is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C.§ 801 et seq.). See 21 U.S.C. § 841(b)(1)(B)(vii). Thus, there arises a presumption that no condition or combination of conditions will reasonable assure the appearance of the Defendant as required. See 18 U.S.C. § 3142(e).

3. The offense carries with it a minimum mandatory 5-year sentence and a maximum of 40 years. According to the United States Sentencing Guidelines, the Base Offense level is 26, See USSG § 2D1.1(6). Even assuming the Defendant's criminal history score places him in Criminal History Category I, see USSG § 4A1.1. The sentencing range for the Defendant is 63-78 months in prison.

B. Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2)

1. On February 22, 2008, the Defendant was the sole occupant driver of a 1995 Freightliner tractor trailer as he entered the primary inspection area of the U. S. Border Patrol Highway 86 Checkpoint. During pre-primary inspection, a Narcotic Detector Dog alerted to the back of the trailer. U.S. Border Patrol Agent Carney received consent from Defendant to search the truck and trailer. Defendant and the truck and trailer were referred to the secondary inspection area. Defendant easily removed the metal security seal to the door of the trailer with his fingers. This seal would normally need to be removed with a tool. Two duffle bags propped in the rear along with a medium-sized cardboard box with a white bundle sitting on top of the box. A subsequent search of the contents resulted in the discovery of 139.00 kilograms (308.20 pounds) of cocaine concealed behind the rear seat.

C. History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3)

1. The Defendant is a citizen of Mexico.

2. The Defendant resides with his wife and two children in Mexicali, Baja California, Mexico.

3. The Defendant has no legal right to remain or work in the United States, as he only possesses a Border Crossing Card.

D. Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4)

1. Other than that the charged crime is a drug trafficking offense, there is nothing to suggest that release of the Defendant would pose a danger to any person or the community. Defendant has the following criminal history:

11/20/73 - Drunk driving - Disposition Unknown

01/17/77 - Misdemeanor Drunk Driving on Highway - 6 months probation, $190 fine or 5 days.

II

REASONS FOR DETENTION

A. There is probable cause to believe that the Defendant committed the offense charged in Criminal Complaint No. 08MJ8159, namely, the possession with intent to distribute a controlled substance 139.00 kilograms (308.20 pounds) of marijuana into the United States in violation of 21 U.S.C. § 841(a)(1).

B. The Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint. He therefore has a strong motive to flee.

C. The Defendant has not rebutted the presumption, based upon the Court's findings that there is probable cause to believe that the Defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings.

///

///

III

ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: 3-4-08.

PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

Prepared by:

KAREN P. HEWITT
United States Attorney

JOHN F. WEIS
Assistant U. S. Attorney

cc: Matthew Hagen of
Federal Defenders of San Diego, Inc.