STEVEN F. HUBACHEK
California State Bar No 147703
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467

Attorneys for Mr. Orozco-Aguirre

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE LARRY A. BURNS)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VICTOR MANUEL OROZCO-AGUIRRE,<br><br>Defendant. | Case No. 08CR0644-LAB<br><br>DATE: June 16, 2008<br>TIME: 2:30 p.m.<br><br>RESPONSE AND OPPOSITION TO GOVERNMENT'S MOTION FOR RECONSIDERATION |

TO: KAREN P. HEWITT, UNITED STATES ATTORNEY, AND RANDY JONES, ASSISTANT UNITED STATES ATTORNEY

## I.

## INTRODUCTION

On March 26, 2008, Mr. Orozco Aguirre moved to suppress evidence seized as result of an unlawful stop at the purported immigration checkpoint at Highway 86, near Westmorland, California. He argued, *inter alia*, that the use of a pre-primary narcotics detector dog indicated that the authorities were using the checkpoint to fulfill their general law enforcement duties, an argument that the Court acknowledged and about which it questioned government counsel. *See Reporter's Transcript of Motion Hearing* ("RT"), April 14, 2008 at 33. Mr. Orozco Aguirre's motion was prompted by the Supreme Court's special needs jurisprudence, a body of law that has been rapidly developing since the Supreme Court's decision in *City of Indianapolis v. Edmond*, 531 U.S. 32 (2000), a case which struck down a drug checkpoint. Indeed, the Supreme Court has observed

that "[i]n none of our previous special needs cases have we upheld the collection of evidence for criminal law enforcement purposes." *Ferguson v. Charleston*, 532 U.S. 67, 83 n.20 (2001). The notion that Fourth Amendment incursions are not conducted for such purposes is the gravamen of a governmental claim of a "special need": "[t]he traditional warrant and probable cause requirements are waived in our previous [special needs] cases on the explicit assumption that the evidence obtained in the search is not intended to be used for law enforcement purposes." *See id.* at 88 (Kennedy, J., concurring).

The Court declined to grant the motion, however, ordering a hearing. *See* RT at 33-34. In light of the fact that the government would be seeking to justify the stop of Mr. Orozco Aguirre, defense counsel requested discovery to permit him to meet the government's anticipated showing. The Court granted several of the requests. *See* RT at 34-36. The government has produced none of the ordered discovery, and now seeks reconsideration of the Court's order. In so doing, it offers no explanation as to why it waited a month and a half to do so.

## II.

## THE GOVERNMENT'S BOILERPLATE MOTION SHOULD BE DENIED

The government's motion primarily relies upon three different points, none of which is the least bit responsive to Mr. Orozco Aguirre's *Edmond* claim. First, it claims that discovery is not proper under *United States v. Armstrong*, 517 U.S. 456 (1996), a selective prosecution case. Second, it relies upon a pre-*Edmond* unpublished order by the late Judge Rhoades. Third, it cites the pre-*Edmond* decision in *Unites States v. Soto-Camacho*, 58 F.3d 408 (9th Cir. 1995). Before proceeding to those, it is important to note what the government does not address: the use of pre-primary narcotics detector dogs. That is the fact that Mr. Orozco Aguirre emphasized and that prompted this Court to order a hearing. *See* RT at 33-34. Similarly, the government's twelve page memorandum cites *Edmond* only once, *see Motion for Reconsideration* ("MR") at 10, and provides not one sentence of analysis of it. *See id.* Because the government fails even to address the basis of the Court's ruling, the motion to reconsider should be denied out of hand. It should also be denied as untimely.

*Armstrong* is inapposite. It concerns a selective prosecution claim, one that is held to a "demanding" standard. *See* 517 U.S. at 463. The defendants in *Armstrong* were denied discovery because they failed to meet that standard. *See id.* at 470-71. The government does not, however, explain why that failure should

prompt this Court to reconsider its ruling. *See* MR at 3-4. As noted above, the Court did not order discovery so Mr. Orozco Aguirre could make a claim; it ordered discovery because he had made a claim, and because the Court offered the government an opportunity to justify its warrantless stop of Mr. Orozco Aguirre. *See* RT at 33-34.

Moreover, the government's implausibly expansive reading of *Armstrong,* does not apply to motions to suppress. *See generally United States v. Cedano-Arrellano,* 332 F.3d 568 (9th Cir. 2003). The government implicitly acknowledges that *Cedano-Arrellano* controls by citing it only in a footnote and urging this Court to refuse to follow it based upon *Armstrong,* a case decided years earlier. *See* MR at 6 n.3. *Cedano-Arrellano* which cites *Armstrong*, *see* 332 F.3d at 571, is binding here.

That makes sense because Fed. R. Crim. P. 16 requires discovery relevant to a suppression motion, it is not unfair that Rule 12(b)(3)(C) requires that a motion to suppress evidence "must be raised before trial." Particularly in light of Rule 16, Fed. R. Crim. P. 12(b)(3)(C) should not be interpreted to require the absurd result of demanding that defendants raise – and district courts resolve – suppression motions while the prosecutor sits by, withholding relevant discovery. Consistent with this common sense interpretation, Rule 12(b)(4)(B) permits the defendant to request notice of evidence discoverable under Rule 16, and that the government intends to use in its case-in-chief. This gives the defendant "an opportunity to move to suppress evidence under Rule 12(b)(3)(C)." *See* Rule 12(b)(4)(B).[1]

In fact, discovery is constitutionally compelled in a number of contexts. Relying on *Brady v. Maryland,* 373 U.S. 83 (1963), this Court has held that the government's "suppression of material evidence helpful to the accused, whether at trial or on *a motion to suppress*, violates due process if there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." *United States v. Gamez-Orduno*, 235 F.3d 453, 461 (9th Cir. 2000) (emphasis added); *see also United States v. Barton*, 995 F.2d 931, 933-34 (9th Cir. 1993) (same). In *Gamez-Orduno*, the Court held that the

---

[1] A notable aspect of Fed. R. Crim. P. 12(b)(4)(B) is that it only gives defendants the right to request notice and discovery regarding motions to suppress, not motions to dismiss the indictment for "a defect in instituting the prosecution." *Compare* Rule 12(b)(3)(A) (motions alleging defects in instituting prosecution), *with* Rule 12(b)(3)(C) (motions to suppress). This is consistent with the central case relied on by the government, *Armstrong*, 517 U.S. at 456, which says that Rule 16 does not apply to motions to dismiss for selective prosecution (*i.e.*, "a defect in instituting the prosecution"), but does not say that Rule 16 is inapplicable to suppression motions.

government violated due process requirements by withholding evidence of the defendant's Fourth Amendment standing. 235 F.3d at 461-62. In *Barton*, the Court held that the "due process principles announced in *Brady* and its progeny must be applied to a suppression hearing involving a challenge to the truthfulness of allegations in an affidavit for a search warrant." 995 F.2d at 935.

As for Judge Rhoades' unpublished order, *see* MR at 4-6, it predates *Edmond*, the case upon which the instant claim is based. It is therefore irrelevant.

Finally, the government's reliance on *Soto-Camacho* is misplaced.[2] Like Judge Rhoades' order, *Soto-Camacho* predates *Edmond*, and therefore does not apply the *Edmond* paradigm. Indeed, in keeping with its head in the sand approach to the *Edmond* line of cases, the government does not even suggest that *Soto-Camacho*'s analysis is consistent with that line of cases. Of course, even if it did, *Soto-Camacho* provides no basis for reconsidering the Court's order that discovery be produced. In fact, the record in Soto-Camacho included affidavit from the Acting Patrol Agent in Charge of the El Centro office, *see* 58 F.3d at 410 n.1, as well as statistical evidence. *See id.* at 410-11. Thus, the ruling in *Soto-Camacho* was based on some of the very same discovery the government has refused to produce. *Soto-Camacho* was not based, however, on evidence of pre-primary use of narcotic detector dogs, which, again, is the fact that is driving the analysis here. In short, either *Soto-Camacho* nor the government offer any reason why the government should be permitted to seek to justify the stop here without providing the discovery necessary to challenge its justification.

**III.**

**THE COURT SHOULD GRANT THE MOTION TO SUPPRESS**

The Court scheduled June 16, 2008 as the date on which the government could seek to justify its stop of Mr. Orozco Aguirre. Trial is set for the next day. Because the government has failed to meet its discovery obligations, the Court should sanction it by precluding it from seeking to justify the stop. *See* Fed. R. Crim. P. 16(d)(2)(C), (D). As a result, all of the evidence seized from Mr. Orozco Aguirre, including contraband and statements, should be suppressed.

//

---

[2] The government is quite annoyed with Mr. Orozco Aguirre for allegedly referring to Chief Judge Kozinski's opinion in *United States v. Soyland*, 3 F.3d 1312 (9th Cir. 1993), as a concurrence when it is actually a dissent. *See* MR at 10. Actually, Mr. Orozco Aguirre did refer to it as a dissent. The government must have Mr. Orozco Aguirre confused with some one else.

**IV.**

**CONCLUSION**

For the foregoing reasons, Mr. Orozco Aguirre respectfully requests that this Court deny the motion to reconsider and grant the motion to suppress.

Respectfully submitted,

DATED: June 9, 2008

*/s/ Steven F. Hubachek*
STEVEN F. HUBACHK
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Orozco Aguirre

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of his information and belief, and that a copy of the foregoing document has been served this day upon:

**Randy K. Jones**
U S Attorneys Office Southern District of California
880 Front Street
Room 6293
San Diego, CA 92101
(619)557-5610
Fax: (619)235-2757
Email: Randy.Jones2@usdoj.gov

Dated: June 9, 2008

/s/ Steven F. Hubachek

STEVEN F. HUBACHEK
e-mail: steven_hubachek@fd.org
Federal Defenders
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467 (tel)
(619) 687-2666 (fax)