KAREN P. HEWITT
United States Attorney
RANDY K. JONES
Assistant U.S. Attorney
California State Bar No. 141711
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5684; (619) 557-7381
randy.jones2@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VICTOR MANUEL OROZCO-AGUIRRE,<br><br>Defendant. | Criminal Case No. 08CR0644-LAB<br><br>DATE: June 16, 2008<br>TIME: 2:30 p.m.<br><br>**THE UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS IN LIMINE TO:**<br><br>**(A) EXCLUDE VALUE EVIDENCE;**<br>**(B) EXCLUDE TESTIMONY REGARDING NERVOUSNESS;**<br>**(C) PRECLUDE OPINION TESTIMONY ON THE CONDITION OF THE SEAL;**<br>**(D) EXCLUDE ADMISSION OF 404(B) AND 609 EVIDENCE;**<br>**(E) PRECLUDE VOUCHING;**<br>**(F) COMPEL PRODUCTION OF GRAND JURY TRANSCRIPTS;**<br>**(G) PROVIDE A SEPARATE COPY OF JURY INSTRUCTIONS TO EACH JUROR;**<br>**(H) ALLOW ATTORNEY VOIR DIRE;**<br>**(I) EXCLUDE NARCOTICS FROM THE COURTROOM;**<br>**(J) PRECLUDE TECS HISTORY;**<br>**(K) EXCLUDE THE INDICTMENT FROM THE COURTROOM;**<br>**(L) PRODUCE ANY SUPPLEMENTAL REPORTS;**<br>**(M) PRECLUDE GUILT-ASSUMING HYPOTHETICAL ; AND**<br>**(N) FOR LEAVE TO FILE FURTHER MOTIONS** |

) **TOGETHER WITH THE UNITED STATES' MOTIONS IN LIMINE TO:**

**(A) THE COURT SHOULD PROHIBIT DEFENDANT FROM MAKING REFERENCE TO DEFENDANT'S FAMILY, HEALTH, AGE, FINANCES, EDUCATION AND POTENTIAL PUNISHMENT**

**(B) PROHIBIT DEFENDANT FROM INTRODUCING HIS OWN OUT-OF-COURT STATEMENTS**

**(C) EXCLUDE WITNESSES DURING TRIAL WITH THE EXCEPTION OF THE UNITED STATES' CASE AGENT**

**(D) LIMIT CHARACTER EVIDENCE**

**TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES**

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Randy K. Jones, Assistant United States Attorney, and hereby files its response and opposition to defendant's above-referenced motions in limine, along with the United States' motions in limine. Said response is based upon the files and records of the case, together with the attached statement of facts and memorandum of points and authorities.

**I.**

**STATEMENT OF THE CASE**

On March 5, 2008, a federal grand jury returned a one-count Indictment charging Defendant Victor Manuel Orozco-Aguirre ("Aguirre") with possession with intent to distribute, 139 kilograms (308.20 pounds) of marijuana, a Schedule I Controlled Substance: in violation of Title 21, United States Code, Section 841(a)(1).

On March 6, 2008, the Defendant was arraigned on the Indictment and entered a plea of not guilty. A motions hearing was held on April 14, 2008. On June 9, 2008, Aguirre filed his motions in limine. The motions in limine are scheduled to be heard on June 16, 2008 at 2:30 p.m.

This response follows.

## II

## STATEMENT OF THE FACTS

### A. BACKGROUND

On February 20, 2008, a driver for the Santoyo Trucking Company located in Calexico, California, drove trailer #5802 from Mexicali, Mexico to Calexico, California. The trailer contained a shipment filled with empty beer bottles headed to a customer in Van Nuys, California. After crossing the trailer through the Calexico East Port of Entry, the driver parked the trailer at the Britton & Company loading dock. Britton & Company, located at the Mexport Business Center in Calexico, California, is a private company that is responsible for inspecting shipments of goods for customers for damage. Because the driver arrived at Britton & Company sometime after business hours, the sealed trailer was left the Britton & Company loading dock.

On February 21, 2008, at approximately 9:00 a.m., another driver from Santoyo Trucking Company, Miguel Angel Urquijo-Osuna, arrived at Britton & Company and opened the trailer and removed the metal security seal for the inspector. Urquijo-Osuna left the trailer with the inspector. The trailer was later inspected by Britton & Company employee, Juan Diaz. The inspection began around 10:00 am and lasted until approximately 3:00pm. The only items located inside the trailer were pallets of empty beer bottles and plastic shrink wrap. After his inspection, Diaz contacted Santoyo Trucking Company and told them that the trailer was ready for pick up. Diaz did not put a new seal on the door of the trailer.

At approximately, 3:00pm, Urquijo-Osuna, returned to pick up trailer #5802 for Santoyo Trucking Company. He placed a metal security safety seal on the trailer and drove trailer #5802 to a location north of Britton & Company and parked it on the street. Urquijo-Osuna left the trailer on the street and went back to Mexicali, Mexico to pick up another trailer. Urquijo-Osuna returned to pick up trailer #5802 at approximately 7:00pm. and drove it to a Calexico, California parking lot to be picked up later by Aguirre.

### B. PRIMARY INSPECTION

On February 21, 2008, at approximately 11:30 p.m., United States Border Patrol Agent (BPA) Tim Delgado was performing his official duties as a canine officer at the pre-primary area of the

Highway 86 Checkpoint. At that time, BPA Delgado observed a blue Freightliner tractor trailer with California license plate UP70041 approach the primary inspection area of the checkpoint. Aguirre was the sole occupant and driver of the vehicle.

BPA Delgado conducted a pre-primary inspection of the tractor trailer with his service issued canine. During this inspection, the canine alerted to the back of the trailer. BPA Dan Carney questioned Aguirre as to his citizenship. Aguirre told BPA Carney he was a Mexican citizen and presented a valid U.S. Visa. BPA Carney asked Aguirre to present his I-94 card, and Aguirre presented his bill of lading. BPA Carney noticed Aguirre's hands were shaking and he began fumbling with his wallet. BPA Carney requested and was granted permission to search the truck and the trailer. BPA Carney referred Aguirre and the tractor trailer to secondary inspection.

C. <u>SECONDARY INSPECTION</u>

At secondary inspection, as Aguirre exited the truck, BPA Maldonado questioned him regarding his cargo. Aguirre stated that he was carrying empty beer bottles. Agent Maldonado noticed the trailer had a seal on the door. Without being prompted, Aguirre immediately pulled off the metal seal to the door of the trailer with his fingers. The metal security seal would normally need to be removed with a tool. It appeared to Agent Maldonado that the seal had already been pulled off and then set back on the trailer to appear as if it had never been tampered with.

After opening the trailer, Agent Delgado observed two black duffle bags propped in the rear of the trailer along with a medium-size cardboard box and a white bundle sitting on top of the box. Aguirre immediately stated he didn't now how the objects got into the trailer. A search of the contents of the bags revealed 24 brick-like bundles. The bundles were wrapped in aluminum foil, packing tape, red jelly, laundry detergent, and cellophane. The bundles weighed a total of 139 kilograms (308.2 pounds).

The duffle bags were removed from the trailer and taken inside of the checkpoint for testing. Agent Delgado performed a test on one of the bundles which contained a green leafy substance. The substance tested positive for the properties of marijuana.

D. <u>AGUIRRE'S POST-ARREST STATEMENTS</u>

On February 22, 2008, at approximately 3:40 a.m., Drug Enforcement Administration (DEA) Special Agent Jeff Butler advised Aguirre of his rights, in the Spanish language, using a preprinted

Miranda form. Aguirre acknowledged his rights and agreed to answer questions without the presence of an attorney. Aguirre stated among other things that:

> He crossed the truck from Mexico to Calexico, California. He drove to Oceanside, California and picked up an empty trailer and returned to Calexico, California. Santoyo Transport called him to drive bottles. He parked his truck, without the trailer, in Calexico, California and walked across the Calexico Port of Entry into Mexico. He briefly returned to his residence and walked back into the United States through the Calexico Port of Entry. He picked up the truck and trailer in Calexico, California and headed north towards Van Nuys, California. He did not inspect the seal on the trailer or complete his log book for the trip to Van Nuys, although he knew it was a requirement. He had no explanation for why the number on the metal security seal did not match the number on the bill of lading. It was odd that the metal security seal came off so easy. He did not know there was marijuana in the trailer.

The interview was terminated at approximately 4:00 a.m. Aguirre was transported to the Imperial County jail at approximately 4:45 a.m.

E. TECS RECORD CHECK

A TECS lane record check on the truck and trailer revealed several recent crossings through the Calexico, California Port of Entry.

## III

## THE UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS IN LIMINE

A. Defendant's Motion to Exclude "Value" Evidence

The Government will offer expert testimony regarding the price of the marijuan. It should come as no surprise that the defense in this case will be that defendant did not know there was marijuana in the vehicle he was driving. The value of the marijuana is relevant to show that defendant knew there were drugs in the vehicle. It is reasonable to deduce that one carrying an extraordinarily valuable cargo would have complete knowledge of the presence of that cargo in the vehicle. United States v. Klimavicius-Viloria, 144 F.3d 1249 (9th Cir. 1998), United States v. Quintero-Barraza, 78 F.3d 1344 (9th Cir. 1995).

B. Defendant's Motion to Exclude Testimony Regarding Nervousness

The defendant's request to exclude evidence of nervousness should be denied. Apart from being the driver and sole occupant of a vehicle containing marijuana, evidence of nervousness may also assist a jury in inferring guilty knowledge. United States v. Barbosa, 906 F.2d 1366, 1368 (9th Cir. 1990).

See also United States v. Walitwarangkul, 808 F.2d 1352, 1354 (9th Cir. 1987) (a defendant's nervousness while being questioned by Customs officials supported finding of knowing possession of drugs). This rule is premised on "the thought that the driver exercises dominion and control over his vehicle and its contents from which knowing possession of the contraband it contains may be inferred." United States v. Haro- Portillo, 531 F.2d 962, 963 (9th Cir. 1976). See United States v. Rubio-Villareal, 927 F.2d 1495, 1499 (9th Cir. 1991) ("[e]xclusive dominion over the property or vehicle in which contraband is found is strong circumstantial evidence of possession"), vacated on other grounds, 967 F. 2d 294, 296 (9th Cir. 1992) (en banc).

C. Defendant's Motion to Exclude Opinion Testimony on the Condition of the Seal

Rule 701 allows for witness testimony in the form of opinions when the opinion is "...(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and © not based on scientific, technical, or other specialized knowledge...." Defendant's motion to exclude opinion evidence on the condition of the security seal should be denied.

D. Defendant's Motion to Preclude 404(b) and 609 Evidence

The United States does not seek to offer any 404 (b) evidence of the Defendant in its case-in-chief. However, even if the United States does not introduce evidence of any prior bad acts by the defendant in it's case in chief, it should be allowed the opportunity to cross-examine the defendant about any evidence that concerns her character for untruthfulness. Rule 608(b) provides: "Specific instances of conduct by a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness. . . ." Fed. R. Evid. 608(b).

E. Defendant's Motion to Preclude Vouching

The motion to preclude vouching in front of the jury is premature and should be denied. This issue is more appropriately addressed in the context of trial before the jury in the form of an objection.

F. Defendant's Motion to Compel Production of Grand Jury Transcripts

The United States defers to the court on this motion.

G. Defendant's Motion to Provide a Separate Copy of the Jury Instructions to Each Juror

The United States defers to the court on this motion.

H. Defendant's Motion for Attorney Voir Dire

The United States does not object to this motion and would request equal time to question the prospective jurors.

I. Defendant's Motion to Exclude Narcotics from the Courtroom

The Government does not intend to bring the bulk marijuana into the courtroom. However, should the Defendant decline to stipulate that the substance found in the vehicle which he was driving was marijuana, a Schedule I controlled substance, the Government will bring in the samples the DEA Chemist tested in order to prove that the substance was in fact marijuana, an element of the crime charged.

J. Defendant's Motion to Preclude TECS History

The defendant's request to exclude TECS evidence should be denied. The Courts have ruled that TECS evidence is admissible as a public record under Rule 803(8) unless the sources of information or other circumstances indicate lack of trustworthiness. United States v. Orozco, 590 F.2d 789, 794 (1979). In Orozco, this Court held that nothing about the TECS recording procedure indicated a lack of trustworthiness. Id. at 794. Specifically, this Court noted that, "The customs agents have no motive to fabricate entries into the computer and the possibility of an inaccurate entry is no greater here than it would be in any other recording system." Id. at 794.

Rule 901(b)(1) provides that a witness with knowledge may authenticate a piece of evidence by testifying that a matter is what the proponent claims. The Government need only make a prima facie showing of authenticity so that a reasonable juror could find in favor of authenticity or identification. United States v. Black, 767 F.2d 1334, 1342 (9th Cir. 1985) (quoting 5 J. Weinstein & M. Berger, Weinstein's Evidence 901(a)[01], at 901-16 to -17 (1983)). Rule 901(b)(7) provides that a proper foundation for authenticity of a public record is laid by showing that it is from a public office where items of its nature are kept.

In this case, the Government produced to Defendant evidence from the Treasury Enforcement Communications System ("TECS") regarding border crossings by the Defendant and the trailer he was hauling. The TECS evidence in this case will not be offered by the government as either Rule 404(b) evidence or in the Government's case-in-chief as evidence that may be "inextricably intertwined" to the charges against Defendant. However, if during Defendant's case, information from TECS becomes relevant as impeachment or otherwise, the government intends to introduce the TECS evidence. The evidence indicates that trailer crossed the border several times. In addition, the Defendant, who presented to the primary officer that he has a valid I-94 (border crossing card), stated to the case agent in his post-arrest statement that he briefly returned to his Mexicali, Mexico residence and later walked back into the United States through the Calexico Port of Entry. Thus, the TECS information would be relevant to show the crossings of Defendant himself or of a trailer he was hauling that contained the marijuana.

K. Defendant's Motion to Exclude the Indictment from the Jury Room

The United States defers to the court on this motion.

L. Defendant's Motion to Produce Any Supplemental Reports

Defendant requests "supplemental reports." The Government will continue to comply with its ongoing discovery obligations.

M. Defendant's Motion to Preclude Guilt-Assuming Hypothetical

The Fifth Amendment prohibits the prosecution from commenting upon a defendant's decision not to testify. Griffin v. California, 380 U.S. 609, 615 (1965). The test is whether the Government's comment is "manifestly intended to call attention to the defendant's failure to testify, and is . . . of such a character that the jury would naturally and necessarily take it to be a comment on the failure to testify." United States v. Castillo, 866 F.2d 1071, 1083 (9th Cir. 1989).

However, "in fashioning closing arguments, prosecutors are allowed reasonably wide latitude and are free to argue reasonable inferences from the evidence." United States v. McChristian, 47 F.3d 1499, 1507 (9th Cir. 1995) (citation omitted). In this vein, a prosecutor may properly comment upon a defendant's failure to present evidence or witnesses as long as the comment "is not phrased to call attention to defendant's own failure to testify." United States v. Soulard, 730 F.2d 1292, 1306 (9th Cir.

1984). This circuit has also held that arguments to the effect that jurors "didn't hear any other explanation" for events do not violate a defendant's Fifth Amendment right to remain silent. Hill, 953 F.2d at 460. In addition, "'[ a] comment on the failure of the defense as opposed to the defendant to counter or explain the testimony presented or evidence introduced is not an infringement of the defendant's Fifth Amendment privilege.'" United States v. Wasserteil, 641 F.2d 704, 709-10 (9th Cir. 1981) (quoting United States v. Dearden, 546 F.2d 622, 625 (5th Cir.), cert. denied, 434 U.S. 902 (1977)).

In addition, the Ninth Circuit has held that when a prosecutor merely points out the fact that the Government's evidence is uncontradicted, that does not amount to impermissible comment on a defendant's right to remain silent. Castillo, 866 F.2d 1071. In Castillo, the defendant was tried and convicted of possession of cocaine with intent to distribute and of being an alien in possession of a firearm. During closing arguments, the prosecutor commented on two factual matters not contested by defense witnesses and their testimony. Id. at 1083. First, the prosecutor commented on the absence of defense evidence to prove defendant did not live in the apartment where drugs were found, by arguing that if the defendant had not lived in the apartment, the defense would have called the apartment manager. Id. The prosecutor also argued that there had been no evidence that defendant had held any other job besides distributing cocaine. Id. In rejecting the claim that such argument violated the Fifth Amendment, this Court noted that "[t]he Government commented on Castillo's failure to produce evidence and witnesses, not his failure to testify." Id.

In United States v. Sigal, 572 F.2d 1320, 1323 (9th Cir. 1978), this Court considered comments made by the prosecution in closing arguments which included references like, "[t]he facts in this case are uncontradicted . . . defendants did not deny . . ." This Court found that error occurred with the express reference to the defendants, not the argument that the evidence was "uncontradicted." Id.

Thus, asking the jury to “choose which story they are going to believe” does not amount to improper burden-shifting as the defendant suggests. The defendant’s motion should be denied.

N. Defendant’s Motion for Leave to File Further Motions

The United States does not oppose Defendant’s request to file further motions if they are based on new discovery or other information not available to Defendant at the time of this motion hearing.

## IV

## THE UNITED STATES' MOTIONS IN LIMINE

### A. THE COURT SHOULD PROHIBIT DEFENDANT FROM MAKING REFERENCE TO DEFENDANT'S FAMILY, HEALTH, AGE, FINANCES, EDUCATION AND POTENTIAL PUNISHMENT

Evidence of, and thus argument referring to, Defendant's family, health, age, finances, education and potential punishment is inadmissible and improper.

Fed. R. of Evid. 402 provides that evidence "which is not relevant is not admissible." Fed. R. Evid. 403 provides further that even relevant evidence may be inadmissible "if its probative value is substantially outweighed by the danger of unfair prejudice." The Ninth Circuit Model Jury Instructions explicitly instruct jurors to "not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy." § 3.1 (2000 Edition). Additionally, it is inappropriate for a jury to be informed of the consequences of their verdict. United States v. Frank, 956 F.2d 872, 879 (9th Cir. 1991).

Reference to Defendant's family, health, age, finances, education and potential punishment may be relevant at sentencing. However, in a drug smuggling trial, such reference is not only irrelevant and unfairly prejudicial but a blatant play for sympathy and jury nullification as well.

### B. DEFENDANT SHOULD BE PROHIBITED FROM INTRODUCING HIS OWN OUT-OF-COURT STATEMENTS

Defendant should be prohibited from introducing her own out-of-court hearsay statements. Defendant may not elicit her own oral statements through examination of other witnesses. Such statements are inadmissible hearsay, (United States v. Ortega, 203 F.3d 675, 682 (9th Cir. 2000) (a defendant's "self-inculpatory statements, when offered by the government, are admissions by a party-opponent and are therefore not hearsay, . . . but the non-self-inculpatory statements are inadmissible hearsay.")), to which the rule of completeness does not apply (id.) and even if it did apply, would not render admissible. United States v. Collicott, 92 F.3d 973, 983 (9th Cir. 1996) ("Because [defendant's] out-of-court statements to [the government agent] do not fall within an exception to the hearsay rule, they are inadmissible, regardless of [the rule of completeness]."); United States v. Wilkerson, 84 F.3d 692, 696 (4th Cir.1996) (rule of completeness does "not render admissible the evidence which otherwise

is inadmissible under hearsay rules"). Enforcing this limitation on a defendant's ability to examine witnesses does not violate the Confrontation Clause. Ortega, 203 F.3d at 682.

C. THE COURT SHOULD EXCLUDE WITNESSES DURING TRIAL WITH THE EXCEPTION OF THE UNITED STATES' CASE AGENT

Under Federal Rule of Evidence 615(3), "a person whose presence is shown by a party to be essential to the presentation of the party's cause" should not be ordered excluded from the court during trial. The case agent in the present matter is considered by the United States to be essential to the presentation. As such, the case agent's presence at trial is necessary to the United States. However, the United States requests that Defendant's testifying witnesses be excluded during trial pursuant to Rule 615, and agrees that the government's own percipient witnesses, other than the case agent, will also remain outside the courtroom during other witnesses' testimony.

D. THE COURT SHOULD LIMIT CHARACTER EVIDENCE

The United States anticipates that Defendant may improperly attempt to introduce testimony regarding Defendant's specific acts of prior good conduct. Testimony as to multiple instances of good conduct violates Federal Rule of Evidence 405(a). United States v. Barry, 841 F.2d 1400, 1403 (9th Cir. 1987); Government of Virgin Islands v. Grant, 775 F.2d 508, 512 (3d Cir. 1985).

Federal Rule of Evidence 404(a)(1) further states that evidence of a person's character is not admissible for the purpose of proving a person's actions on a particular occasion except "evidence of a pertinent trait of character offered by an accused or by the prosecution to rebut the same."

A character witness cannot offer specific instances of conduct by the defendant which would tend to support the reputation of the defendant. United States v. Giese, 597 F.2d 1170 (9th Cir. 1979) cert. denied, 444 U.S. 972 (1979) (character witnesses must restrict their direct testimony to appraisals of defendant's reputation); United States v. Hedgecorth, 873 F.2d 1307 (9th Cir. 1989) ("While a defendant may show a characteristic for lawfulness through opinion or reputation testimony, evidence of specific acts is generally inadmissible").

In interpreting the permissible scope of character evidence under Rule 404(a), the Ninth Circuit has ruled that presentation of witnesses to testify about a defendant's character for "law abidingness" and honesty is permissible. The appellate court, however, has held that asking a defense witness about

the defendant's propensity to engage in a specific type of criminal activity is not allowed under Rule 404(a). See United States v. Diaz, 961 F.2d 1417 (9th Cir. 1992) (impermissible to ask character witness about defendant's propensity to engage in large scale drug dealing).

Thus, the United States requests the Court to prohibit the Defendant from introducing testimony from any character witness about any specific instance of Defendant's conduct or Defendant's propensity to be involved in the possession of marijuana, with the intent to distribute.

## V
## CONCLUSION

Based on the foregoing, defendant's motions should be denied.

DATED: June 12, 2008

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

s/ Randy K. Jones

RANDY K. JONES
Assistant United States Attorney
Attorneys for Plaintiff
United States of America
Email: randy.jones2@usdoj.gov

KAREN P. HEWITT
United States Attorney
RANDY K. JONES
Assistant U.S. Attorney
California State Bar No. 141711
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5684; (619) 557-7381
randy.jones2@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE LARRY A. BURNS)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>VICTOR MANUEL OROZCO-AGUIRRE,<br>Defendant. | Case No. 08cr0644-LAB<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, RANDY K. JONES, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **United States' Response and Opposition to Defendant's Motions in Limine and the United States' Motions in Limine** on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Steven_Hubachek@fd.org.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 12, 2008

s/ Randy K. Jones
RANDY K. JONES