**STEVEN F. HUBACHEK**
California State Bar No. 147703
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467

Attorneys for Mr. Orozco-Aguirre

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE LARRY A. BURNS)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>VICTOR MANUEL OROZCO-AGUIRRE,<br>Defendant. | CASE NO. 08CR0644-LAB<br>DATE: June 17, 2008<br>TIME: 9:00 a.m.<br>**DEFENDANT'S PROPOSED JURY INSTRUCTIONS** |

TO: KAREN P. HEWITT, INTERIM UNITED STATES ATTORNEY; AND RANDY K. JONES, ASSISTANT UNITED STATES ATTORNEY:

Victor Manuel Orozco-Aguirre, by and through counsel, Steven F. Hubachek, and Federal Defenders of San Diego, Inc., and pursuant to Federal Rule of Criminal Procedure 30, requests that the Court instruct the jury on the law as set forth herein.

Respectfully submitted,

*/s/ Steven F. Hubachek*
**STEVEN F. HUBACHEK**
Federal Defenders of San Diego
Attorneys for Mr. Orozco-Aguirre

Defendant's Proposed Standard Instructions
(Ninth Circuit Model Criminal Jury Instructions, Sept. 2003):

| Instruction Number | Title |
|---|---|
| 1.1 | Duty of Jury |
| 1.3 | What Is Evidence |
| 1.4 | What Is Not Evidence |
| 1.5 | Evidence for Limited Purpose |
| 1.6 | Direct and Circumstantial Evidence |
| 1.7 | Ruling on Objections |
| 1.8 | Credibility of Witnesses |
| 1.9 | Conduct of the Jury |
| 1.11 | Taking Notes |
| 1.12 | Outline of Trial |
| 1.13 | Jury to Be Guided by Official English Translation/Interpretation |
| 2.1 | Cautionary Instruction—First Recess |
| 2.2 | Bench Conferences and Recesses |
| 2.3 (As appropriate) | Stipulated Testimony |
| 2.4 (As appropriate) | Stipulations of Fact |
| 2.5 (As appropriate) | Judicial Notice |
| 3.1 | Duties of Jury to Find Facts and Follow Law |
| 3.3 (As appropriate) | Defendant's Decision Not to Testify |
| 3.4 (As appropriate) | Defendant's Decision to Testify |
| 3.6 | What Is Evidence |
| 3.7 | What Is Not Evidence |
| 3.8 | Direct and Circumstantial Evidence |
| 3.9 | Credibility of Witnesses |
| 3.18 | Possession—Defined |
| 4.1 | Statements by Defendant |
| 4.4 | Character of Defendant |
| 4.7 | Character of Witness for Truthfulness |
| 4.8 | Impeachment Evidence—Witness |
| 6.9 | Mere Presence |

| | |
|---|---|
| 7.1 | Duty to Deliberate |
| 7.2 | Consideration of Evidence |
| 7.3 | Use of Notes |
| 7.5 | Return of Verdict (*renamed Verdict Form*) |
| 7.6 | Communication With Court |

COURT'S INSTRUCTION NO. _______

DEFENDANT'S PROPOSED INSTRUCTION NO. _1___

This is a criminal case brought by the United States government. The government charges Mr. Orozco-Aguirre with possession of marijuana with intent to distribute. The charge against Mr. Orozco-Aguirre is contained in the indictment. The indictment is simply the description of the charge made by the government against Mr. Orozco-Aguirre; it is not evidence of anything.

Mr. Orozco-Aguirre has pleaded not guilty to the charge and is presumed innocent unless and until a jury has unanimously found the defendant to have been proven guilty beyond a reasonable doubt. A defendant has the right to remain silent and never has to prove innocence or present any evidence.

9th Cir. Jury Instr. 1.2 (modified). See United States v. Cummings, 468 F.2d 274, 280 (9th Cir. 1972)(the presumption of innocence remains "throughout the trial" and goes "with the jury when it deliberates"; "the presumption does not disappear when evidence to the contrary is received.")

GIVEN __________

GIVEN AS MODIFIED __________

REFUSED __________

COURT'S INSTRUCTION NO. _______

DEFENDANT'S PROPOSED INSTRUCTION NO. _2__

I instruct you that you must presume Mr. Orozco-Aguirre to be innocent of the crime charged. Thus, although accused of a crime, the trial began with a "clean slate" -- with no evidence against him. The indictment, as you already know, is not evidence of any kind. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant. The presumption of innocence alone, therefore, is sufficient to find Mr. Orozco-Aguirre not guilty.

The burden is always upon the government to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. Mr. Orozco-Aguirre is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense -- the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt, that Mr. Orozco-Aguirre committed each and every element of the offense charged in the indictment, you must find Mr. Orozco-Aguirre not guilty of the offense.

See O'Malley, Grenig, and Lee. Federal Jury Practice and Instructions, 5th Ed. § 12.10 (modified); 2003 Ninth Cir. Model Jury Instr. 3.2 (presumption of innocence) & 3.5 (proof beyond a reasonable doubt).

GIVEN __________

GIVEN AS MODIFIED __________

REFUSED __________

COURT'S INSTRUCTION NO. ____

DEFENDANT'S PROPOSED INSTRUCTION NO. 3

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses. By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible. You will also have to decide which witnesses to believe and which facts are true. After examining all of the evidence, you may decide that the party calling the most witnesses has not persuaded you because you do not believe its witnesses.

In a moment I will discuss some criteria for evaluating credibility; for the moment, however, you should keep in mind that the burden of proof is always on the government and that Mr. Victor Manuel Orozco-Aguirre is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.

Sand, et al., Modern Federal Jury Instructions: Criminal Pattern Instructions § 4-3 (Matthew Bender 2001) (modified); see also United States v. Vargas, 583 F.2d 380, 387 (7th Cir. 1978) (noting that jurors do not have to believe the government's witnesses and can acquit defendant upon this basis, even if defendant testifies and jurors do not believe him either).

GIVEN ____

GIVEN AS MODIFIED ____

REFUSED ____

COURT'S INSTRUCTION NO. _______

DEFENDANT'S PROPOSED INSTRUCTION NO. _4__

Because a particular witness may be a law enforcement officer, such as a Border Patrol Agent, Drug Enforcement Agent, or an employee of a governmental agency, that does not mean that his or her testimony is truthful.

It is quite legitimate for counsel to attack or question the truthfulness of an agent or other government employee on the ground that his or her testimony may be tainted by personal or professional interest in the outcome of this case.

United States v. Masino, 275 F.2d 129 (2d Cir. 1960).

GIVEN ______

GIVEN AS MODIFIED_______

REFUSED_______

COURT'S INSTRUCTION NO. _______

DEFENDANT'S PROPOSED INSTRUCTION NO. _5___

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, potential bias, and all the other evidence in the case.

See Ninth Cir. Model Jury Inst. 4.17 (2003 ed.) (modified, adding relevance and bias portions).

GIVEN ______

GIVEN AS MODIFIED_______

REFUSED_______

COURT'S INSTRUCTION NO. _______

DEFENDANT'S PROPOSED INSTRUCTION NO. _6__

Any verdict must represent the considered judgment of each juror. In order to return a guilty verdict, it is necessary that each juror individually agrees that the government has proved every element beyond a reasonable doubt. Thus, your verdict must be unanimous, and you must unanimously agree to the elements upon which you base your verdict.

See Devitt and Blackmar, 3d ed., § 5 18.01 (modified); Richardson v. United States, 526 U.S. 813 (1999) (jury must unanimously agree as to every element); United States v. Echeverv, 698 F.2d 375 (9th Cir. 1983).

GIVEN ______

GIVEN AS MODIFIED_______

REFUSED_______

COURT'S INSTRUCTION NO. _______

DEFENDANT'S PROPOSED INSTRUCTION NO. __7__

Mr. Victor Manuel Orozco-Aguirre is charged in the indictment with possession of marijuana with intent to distribute in violation of Section 841(a)(1) of Title 21 of the United States Code. In order for Mr. Manuel Orozco-Aguirre to be found guilty of this charge, the government must prove the following elements beyond a reasonable doubt:

First, that Mr. Victor Manuel Orozco-Aguirre knowingly possessed marijuana;

Second, that Mr. Manuel Orozco-Aguirre possessed it with the intent to deliver it to another person; and

Third, that Mr. Victor Manuel Orozco-Aguirre knew that it was marijuana, and knew the quantity of the marijuana.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without financial interest in the transaction.

9th Cir. Crim. Jury Instr. 9.13 (2003), Apprendi v. New Jersey, 530 U.S. 466 (2000).

GIVEN __________

GIVEN AS MODIFIED __________

REFUSED __________

COURT'S INSTRUCTION NO. _______

DEFENDANT'S PROPOSED INSTRUCTION NO. __8__

The term "knowingly," as used in these instructions to describe the alleged state of mind of Mr. Orozco-Aguirre that the government must prove, means that he must have been conscious and aware of her actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

2003 Ninth Cir. Model Jury Instr. §5.6; Devitt and Blackmar, 4th Ed., § 17.04

GIVEN __________

GIVEN AS MODIFIED __________

REFUSED __________

COURT'S INSTRUCTION NO. _______

DEFENDANT'S PROPOSED INSTRUCTION NO. 9

Possession of a substantial quantity of a controlled substance alone is insufficient to support a finding of knowing possession. An individual may unknowingly possess a substantial quantity of narcotics, just as he may unknowingly transport contraband in a vehicle.

United States v. Chu, 988 F.2d 981 (9th Cir. 1993); United States v. Rubio-Villareal, 967 F.2d 294 (9th Cir. 1992) (en banc).

GIVEN ________

GIVEN AS MODIFIED ________

REFUSED ________

COURT'S INSTRUCTION NO. ______

DEFENDANT'S PROPOSED INSTRUCTION NO. __10__

The defense has presented evidence that a third party was responsible for loading the vehicle with marijuana, and that this was done without Mr. Victor Manuel Orozco-Aguirre's knowledge. Evidence of a third party's guilt may create reasonable doubt. If after considering the facts and circumstances and other evidence presented in this case, you are left with a reasonable doubt whether Mr. Victor Manuel Orozco-Aguirre knew there was marijuana hidden in the trailer, you must return a not guilty verdict on all counts.

Authority

United States v. Vallejo, 237 F.3d 1008 (9th Cir. 2001)(Discussing relevancy of third party culpability as a defense); United States v. Tsinnijinnie, 601 F.2d 1035, 1040 (9th Cir. 1979)("A defendant is entitled to an instruction on the theory of his case").

GIVEN ________

GIVEN AS MODIFIED ________

REFUSED ________

COURT'S INSTRUCTION NO. ____________

DEFENDANT'S PROPOSED INSTRUCTION NO. 11

Mr. Orozco-Aguirre has presented evidence that he did not know that there was marijuana concealed in the trailer he was transporting. If you conclude that the government has failed to prove beyond a reasonable doubt that Mr. Orozco-Aguirre knew of the presence of marijuana in the trailer, then you must find that he is not guilty of the offense charged in the indictment.

United States v. Dees, 34 F.3d 838, 842 (9th Cir. 1994) (quoting United States v. Mason, 902 F.2d 1434, 1438 (9th Cir. 1990)); United States v. Zuniga, 6 F.3d 569, 570 (9th Cir. 1993); United States v. McGeshick, 41 F.3d 419 (9th Cir. 1994).

GIVEN ________

GIVEN AS MODIFIED ________

REFUSED ________

COURT'S INSTRUCTION NO. _______

DEFENDANT'S PROPOSED INSTRUCTION NO. 12

A person may not be convicted of illegal possession of drugs unless he knows a prohibited drug is present and he is capable of exerting dominion and control over it. Mere proximity to the prohibited drug is insufficient to establish possession.

2003 Ninth Cir. Model Jury Instr. §6.9 (modified); United States v. Penagos, 823 F.2d 346, 350 (9th Cir. 1987); United States v. Behanna, 814 F.2d 1318, 1319 (9th Cir. 1987) (quoting United States v. Rodriguez, 761 F.2d 1339, 1341 (9th Cir. 1985)).

GIVEN __________

GIVEN AS MODIFIED __________

REFUSED __________